## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **CHRYSTEN WRIGHT, MONIQUE SIMMS, KUREL SCOTT, ONGELI MCMILLAN, WHITLEY MIDDLETON, SAMMY DAVIS, JENAIR PERRY, SHOMARI DAVIS, MILLAN RODRIGO, KEANDRA DANIELS, DEMARQUIS DENSON, and CASHARA TATE,** | ) ) ) ) ) ) ) ) ) ) |

**CASE NO. _____**

       **Plaintiffs,**

   **vs.**

**SCALES 925 ATLANTA, LLC, SCALES 925 ATLANTA MANAGEMENT, LLC, CHARLES HUGHES, THE VENUE RESTAURANT CORP, CLIFFORD JOSEPH HARRIS JR., AND CLIFFORD JOSEPH HARRIS JR. D.B.A. SCALES 925**
_____
       **Defendants.**

## <u>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>

     **COMES NOW** Chrysten Wright, Monique Simms, Kurel Scott,

Ongeli McMillan, Whitley Middleton, Sammy Davis, Jenair Perry, Millan

Rodrigo, Shomari Davis, Keandra Daniels, DeMarquis Denson, and Cashara

Tate Plaintiffs in the above-styled case and files this, their complaint

showing the Court the following:

## JURISDICTION

### 1.

This Court has jurisdiction of this matter pursuant to 29 U.S.C.

§§216(b), 215(a)(3) of The Fair Labor Standards Act, by 28 U.S.C. § 1331,

this action arising under the laws of the United States, and by 28 U.S.C. §

1337, this action arising under an act of Congress regulating commerce.

### 2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

## DEFENDANTS

### 3.

Defendant Scales 925 Atlanta, LLC (hereinafter "Scales LLC") is a

Georgia corporation with its registered agent, Charles Hughes, located at 30

Ivan Allen Jr. Boulevard NW, #125, Fulton, Atlanta, GA, 30308. In

accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia,

venue is appropriate in this Court.

4.

Scales LLC is a private employer engaged in interstate commerce with gross revenues exceeding $500,000 per year.

5.

Defendant Scales 925 Atlanta Management, LLC (hereinafter "Scales 925 Atlanta") is a Georgia limited liability company with its registered agent, Charles Hughes, located at 30 Ivan Allen Jr. Boulevard NW, #125, Fulton, Atlanta, GA, 30308. In accordance with 28 U.S.C. § 1391, and LR 3.1 of the Northern District of Georgia, venue is appropriate in this Court.

6.

Scales 925 Atlanta is a private employer engaged in interstate commerce with gross revenues exceeding $500,000 per year.

7.

Defendant The Venue Restaurant Corp (hereinafter "Venue") is a Georgia corporation with its registered agent, Lakita Williams, located at 30 Ivan Allen Jr. Boulevard NW, #125, Fulton, Atlanta, GA, 30308. In accordance with 28 U.S.C. § 1391, and LR 3.1 of the Northern District of Georgia, venue is appropriate in this Court.

8.

Venue is a private employer engaged in interstate commerce with gross revenues exceeding $500,000 per year.

9.

Defendant Charles Hughes (hereinafter "Hughes") may be served with process by delivering a copy of the summons and complaint to his office address at 30 Ivan Allen Jr. Blvd NW #125, Atlanta, Georgia 30308.

10.

Hughes is an employer engaging in interstate commerce with gross revenues exceeding $500,000 per year.

11.

Defendant Clifford Joseph Harris Jr. (hereinafter "Harris") is a Georgia resident. Harris lives at 3309 Lost Valley Drive, Jonesboro, Georgia 30236. In accordance with 28 U.S.C. § 1391, and LR 3.1 of the Northern District of Georgia, venue is appropriate in this Court.

12.

Harris is an employer engaging in interstate commerce, with gross revenue exceeding $500,000 per year.

**BUSINESS RELATIONSHIP BETWEEN DEFENDANTS**

13.

Harris is a rapper, actor, and entrepreneur. Harris and Hughes are business partners. Hughes is responsible for booking Harris at concerts and nightclubs. Any business that wants Harris to appear at a nightclub or concert must contact Hughes. Harris and Hughes' business relationship has been ongoing for ten years.

14.

In early 2015, Harris stated in an interview with Ashley Smith (hereinafter "Ashley") of V-103 his desire to open a restaurant. Harris explains to Ashley his vision of opening an upscale restaurant in Atlanta. In his interview with Ashely Harris declared, "You can get Southern cuisine all around town, but where can you experience Southern cuisine in Atlanta with a happy hour, rooftop overlooking the city and a lounge."

15.

Harris explained the type of clientele he hoped to attract at the restaurant.  "Where can Michael Jordan go and enjoy a cigar in comfort? I wanted to create an atmosphere where you could have a nice meal, a drink or

socialize and one where it could be done effortlessly. Scales 925 is a representation of me and the things I look for as a consumer."

16.

In 2015, Harris registered the trademark "SCALES 925" with the United States Patent and Trademark Office. The goods and service provided under the trademark is for cocktail lounge and restaurant services. The trademark "SCALES 925" is a symbol of Harris' birthday and zodiac sign. A true and correct copy of the trademark is attached as Exhibit 1.

17.

In March of 2015, HARRIS, Hughes, Scales LLC, Venue, and Scales 925 Atlanta opened a restaurant at 30 Ivan Allen Jr. Blvd NW #125, Atlanta, Georgia 30308.The restaurant is operating under Harris' trademark SCALES 925.

18.

Upon information and belief, Venue is the lessee/lessor of the building that is being used to operate the restaurant located at 30 Ivan Allen Jr. Blvd NW #125, Atlanta, Georgia 30308.

19.

Venue received a business license from the City of Atlanta. The
business name is listed as Venue RESTS CORP/DBA SCALES 925. A true
and correct copy of the license is attached as Exhibit 2. Venue also received
a liquor license from the City of Atlanta. The business name is listed as
VENUE RESTS CORP/DBA SCALES 925. A true and correct copy of the
license is attached as Exhibit 3.

20.

The restaurant uses Harris' trademark SCALES 925 on the outside of
the building. The uniforms the employees wear at the restaurant have Harris'
trademark SCALES 925 on them. Harris' trademark SCALES 925 is used
on the restaurant's website at www.scales925.com. The website lists Harris
as the Co-Founder/Principal of the restaurant. A true and correct copy of the
web page is attached as Exhibit 4.

21.

Harris has the following authority related to the restaurant: (1) he
decides what entrees are sold on the restaurant's menu; (2) he decides the
layout and look of the restaurant; (3) he also uses his status as a celebrity

status to advertise for and promote the restaurant; and (4) he selects the Head

Chef or Chefs for the restaurant.

22.

Harris and Hughes have the following joint authority at the restaurant:

(1) the power to determine the pay rates or the methods of payment of the

employees; and (2) the right, directly or indirectly, to hire, fire, or modify

the employment conditions of the workers.

23.

Hughes created the companies Scales 925 Atlanta, and Scales LLC.

Hughes has used both companies as an alter egos. Hughes used Scales LLC

to pretend to withdraw payroll tax for employees working at SCALES 925.

However, Hughes has not paid payroll tax to the state of Georgia.

24.

Hughes used Scales LLC to create bank accounts for payroll.

However, Hughes would deposit money from SCALES 925 into his

personal account causing payroll checks to bounce.

25.

Hughes has made fraudulent statements to restaurant employees

concerning the hours the employees worked at SCALES 925. For example,

Hughes used a time and billing software call ALOHA for keeping track of employee hours. The software would delete hours or not keep track of hours exceeding 40 hours per week. Employees complained to Hughes but were told it was nothing he could do. Hughes also implemented the time and billing software in such a way that it caused employees to claim $35 in tips when the employees did not, in fact, make $35 in tips. Employees were also coerced to work off the clock for three hours before they were allowed to go home.

26.

At all relevant and material times, Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC were partners doing business under the trademark SCALES 925 pursuant to O.C.G.A.§10-1-490. They shared the profits from the restaurants.

27.

At all relevant and material times, Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC was engaging in a joint venture or enterprise under the trademark SCALES 925 pursuant to O.C.G.A.§10-1-490. They shared the profits from the restaurants.

**PLAINTIFFS**

28.

Plaintiff, Sammy Davis (hereinafter "Davis"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Davis was a covered employee as defined by 29 U.S.C. § 203(e)(1).

29.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Davis to perform labor for their benefit and made employment and compensation-related decisions regarding Davis in this District.

30.

In 2015, Harris and Hughes hired Davis to work as the Executive Chef for SCALES 925. Both Harris and Hughes made the final decision to hire Davis. Harris and Hughes drafted a contract of employment for Davis. A true and correct copy of the contract is attached as Exhibit 5. Davis adopts by reference, and incorporates as if set out verbatim herein, the terms and conditions of the contract.

31.

Plaintiff, Monique Simms (hereinafter "Simms"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Simms was a covered employee as defined by 29 U.S.C. § 203(e)(1).

32.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Simms to perform labor for their benefit and made employment and compensation-related decisions regarding Simms in this District.

33.

In 2015, HARRIS and Hughes hired Simms to work as the Manager for SCALES 925. Both HARRIS and Hughes made the final decision to hire Simms. HARRIS and Hughes drafted a contract of employment for Simms. Except for the yearly salary, the terms and condition of employment are identical to Davis's contract.

34.

Plaintiff, Kurel Scott (hereinafter "Scott"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Scott was a covered employee as defined by 29 U.S.C. § 203(e)(1).

35.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Scott to perform labor for their benefit and made employment and compensation-related decisions regarding Scott in this District.

36.

Scott started working for SCALES 925 in January of 2016 as a server. Scott spent approximately 60 or 70 percent of his time performing the following duties at SCALES 925: (1) serving customers with alcoholic beverages; (2) delivering and serving food prepared by Chef Davis to restaurant customers; and (3) taking credit cards, checks, and cash payments from restaurant customers.

37.

Scott worked for SCALES 925 approximately 50 hours per week the entire time he worked at SCALES 925. Scott spent Approximately 30 or 40 percent of his time performing the following duties at SCALES 925: (1) preparing the tables for customers; (2) making sweet tea or lemonade; (3) rolling utensils; (3) washing dishes; and (4) cleaning the restaurant.

38.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC owes Scott approximately $2,995.20 in unpaid wages for time he spent working at SCALES 925.

39.

Plaintiff, Millan Rodrigo (hereinafter "Rodrigo"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Rodrigo was a covered employee as defined by 29 U.S.C. § 203(e)(1).

40.

At all times relevant, Defendants HARRIS, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Rodrigo to perform labor for their benefit and made employment and compensation-related decisions regarding Rodrigo in this District.

41.

Rodrigo worked for SCALES 925 for nine months. Rodrigo spent approximately 60 or 70 percent of his time performing the following duties at SCALES 925: (1) serving restaurant customers with alcoholic beverages; (2) delivering and serving food prepared by Chef Davis to restaurant custoemrs.

42.

Rodrigo worked for Scales 925 approximately 50 hours per week the entire time he worked at Scales 925. Rodrigo spent Approximately 30 or 40 percent of his time performing the following duties at Scales 925: (1) preparing the tables for customers; (2) making sweet tea or lemonade; (3) rolling utensils; (3) washing dishes; and (4) cleaning the restaurant.

43.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC owes Rodrigo approximately $13,000.00 in unpaid wages for time he spent working at Scales 925.

44.

Plaintiff, DeMarquis Denson (hereinafter "Denson"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Denson was a covered employee as defined by 29 U.S.C. § 203(e)(1).

45.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Denson to perform labor for their benefit

and made employment and compensation-related decisions regarding

Denson in this District.

46.

Denson started working for Scales 925 in March of 2016 as a server.

Denson spent approximately 60 or 70 percent of his time performing the

following duties at Scales 925: (1) serving restaurant customers alcoholic

beverages; and (2) delivering and serving food prepared by Davis to

restaurant customers.

47.

Denson worked for Scales 925 approximately 50 hours per week the

entire time he worked at Scales 925. Denson spent Approximately 30 or 40

percent of his time performing the following duties at Scales 925: (1)

preparing the tables for customers; (2) making sweet tea or lemonade; (3)

rolling utensils; (3) washing dishes; and (4) cleaning the restaurant.

48.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales

LLC owes Denson approximately $3,000.00 in unpaid wages for time he

spent working at Scales 925.

49.

Plaintiff, Ongeli McMillan (hereinafter "McMillan"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, McMillan was a covered employee as defined by 29 U.S.C. § 203(e)(1).

50.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed McMillan to perform labor for their benefit and made employment and compensation-related decisions regarding McMillan in this District.

51.

McMillan started working for Scales 925 in October of 2015 as a server. McMillan spent approximately 60 or 70 percent of her time performing the following duties at Scales 925: (1) serving restaurant customers alcoholic beverages; and (2) delivering and serving food prepared by Davis to restaurant customers.

52.

McMillan worked for Scales 925 approximately 50 hours per week the entire time she worked at Scales 925. McMillan spent Approximately 30

or 40 percent of her time performing the following duties at Scales 925: (1) preparing the tables for customers; (2) making sweet tea or lemonade; (3) rolling utensils; (3) washing dishes; and (4) cleaning the restaurant.

53.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC owes McMillan approximately $2,750 in unpaid wages for time she spent working at Scales 925.

54.

Plaintiff, Whitley Middleton (hereinafter "Middleton"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Middleton was a covered employee as defined by 29 U.S.C. § 203(e)(1).

55.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Middleton to perform labor for their benefit and made employment and compensation-related decisions regarding Middleton in this District.

56.

Middleton started working for Scales 925 in October of 2015 as a server. Middleton spent approximately 60 or 70 percent of her time performing the following duties at Scales 925: (1) serving restaurant customers alcoholic beverages; and (2) delivering and serving food prepared by Davis to restaurant customers.

57.

Middleton worked for Scales 925 approximately 50 hours per week the entire time she worked at Scales 925. Middleton spent Approximately 30 or 40 percent of her time performing the following duties at Scales 925: (1) preparing the tables for customers; (2) making sweet tea or lemonade; (3) rolling utensils; (3) washing dishes; and (4) cleaning the restaurant.

58.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC owes Middleton approximately $6,400.00 in unpaid wages for time she spent working at Scales 925.

59.

Plaintiff, Jenair Perry (hereinafter "Perry"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Perry was a covered employee as defined by 29 U.S.C. § 203(e)(1).

60.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Perry to perform labor for their benefit and made employment and compensation-related decisions regarding Perry in this District.

61.

Perry started working for Scales 925 in January of 2016 as a server. Perry spent approximately 60 or 70 percent of her time performing the following duties at Scales 925: (1) serving restaurant customers alcoholic beverages; and (2) delivering and serving food prepared by Davis to restaurant customers.

62.

Perry worked for Scales 925 approximately 50 hours per week the entire time she worked at Scales 925. Perry spent Approximately 30 or 40 percent of her time performing the following duties at Scales 925: (1)

preparing the tables for customers; (2) making sweet tea or lemonade; (3) rolling utensils; (3) washing dishes; and (4) cleaning the restaurant.

63.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC owes Perry approximately $2,500.00 in unpaid wages for time she spent working at Scales 925.

64.

Plaintiff, Keandra Daniels (hereinafter "Daniels"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Daniels was a covered employee as defined by 29 U.S.C. § 203(e)(1).

65.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Daniels to perform labor for their benefit and made employment and compensation-related decisions regarding Daniels in this District.

66.

Daniels started working for Scales 925 in June of 2015 as a server. Daniels spent approximately 60 or 70 percent of her time performing the following duties at Scales 925: (1) serving restaurant customers alcoholic

beverages; and (2) delivering and serving food prepared by Davis to restaurant customers.

67.

Daniels worked for Scales 925 approximately 40 hours per week from June through September. She worked 35 hours per week from September through March. Daniels worked 18 hours per week from March through May 2016. Daniels spent Approximately 30 or 40 percent of her time performing the following duties at Scales 925: (1) preparing the tables for customers; (2) making sweet tea or lemonade; (3) rolling utensils; (3) washing dishes; and (4) cleaning the restaurant.

68.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC owes Daniels approximately $10,500 in unpaid wages for time she spent working at SCALES 925.

69.

Plaintiff, Shomari Davis (hereinafter "Davis"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Davis was a covered employee as defined by 29 U.S.C. § 203(e)(1).

70.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Davis to perform labor for their benefit and made employment and compensation-related decisions regarding Davis in this District.

71.

Davis started working for Scales 925 in June of 2015 as a server. Davis spent approximately 60 or 70 percent of her time performing the following duties at Scales 925: (1) provided customers with alcoholic drinks; (2) took food orders to be prepared by Chef Davis.

72.

Davis worked for Scales 925 approximately 40 hours per week from June through September. She worked 35 hours per week from September through March. Davis worked 18 hours per week from March through May 2016. Davis spent Approximately 30 or 40 percent of her time performing the following duties at Scales 925: (1) preparing the tables for customers; (2) making sweet tea or lemonade; (3) rolling utensils; (3) washing dishes; and (4) cleaning the restaurant.

73.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC owes Davis approximately $10,500 in unpaid wages for time she spent working at Scales 925.

74.

Plaintiff, Chrysten Wright (hereinafter "Wright"), is an adult resident citizen of Fulton County, Georgia. At all times relevant to this Complaint, Wright was a covered employee as defined by 29 U.S.C. § 203(e)(1).

75.

At all times relevant, Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC employed Wright to perform labor for their benefit and made employment and compensation-related decisions regarding Wright in this District.

76.

Wright started working for Scales 925 in October of 2015 as a bartender. Wright spent approximately 60 or 70 percent of her time performing the following duties at Scales 925: (1) serving restaurant customers alcoholic beverages; and (2) delivering and serving food prepared by Davis to restaurant customers.

77.

Wright worked for Scales 925 approximately 40 hours per week the entire time she worked at Scales 925. Wright spent Approximately 30 or 40 percent of her time performing the following duties at Scales 925: (1) preparing the tables for customers; (2) making sweet tea or lemonade; (3) rolling utensils; (3) washing dishes; and (4) cleaning the restaurant.

78.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC owes Wright approximately $3,000 in unpaid wages for time she spent working at Scales 925.

## (COUNT I)
## WILLFUL FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

79.

Plaintiffs Wright, Scott, McMillan, Middleton, Perry, Rodrigo, Davis, Daniels, Denson, and Tate (hereinafter "Plaintiffs") incorporate paragraphs 1 through 78 as if stated fully herein.

80.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC is hereinafter referred to as "Scales."

81.

During Plaintiffs' employment with Scales, they were never told that they would be paid $2.13 per hour plus tips.

82.

Plaintiffs' tips plus $2.13 per hour didn't add up to $7.25 per hour during their employment with Scales.

83.

Plaintiffs informed Scales their hourly wages didn't equal $7.25 per hour; however, Scales would simply ignore their complaints.

84.

Scales violated the Fair Labor Standards Act (FLSA) by not paying Plaintiffs $7.25 per hour. Scales is not allowed to use the tip credit because Plaintiffs were not informed they would be paid $ 2.13 per hour.

85.

Scales is liable to Plaintiffs for back wages and liquidated damages for these violations.

**(COUNT II)**
**WILLFUL FAILURE TO PAY OVERTIME WAGES IN VIOLATION**
**OF THE FAIR LABOR STANDARDS ACT**

86.

Plaintiffs Wright, Scott, McMillan, Middleton, Perry, Rodrigo, Davis, Daniels, Denson, and Tate (hereinafter "Plaintiffs") incorporate paragraphs 1 through 79 as if stated fully herein.

87.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC are hereinafter referred to as "Scales."

88.

During Plaintiffs' employment with Scales, they would routinely work more than 40 hours per week.  Although Plaintiffs would routinely work more than 40 hours per week, they were not paid overtime.

89.

Plaintiffs complained to Scales about not being paid overtime; however, Scales would simply ignore their complaints.

90.

Scales violated the Fair Labor Standards Act (FLSA) by not paying Plaintiffs overtime during their employment for these violations.

91.

Scales is liable to Plaintiffs for overtime and liquidated damages.

**(COUNT III)**
**RETALIATION IN VIOLATION OF FAIR LABOR STANDARDS**
**ACT**

92.

Plaintiffs Wright, Scott, McMillan, Middleton, Perry, Rodrigo, Davis, Daniels, Denson, and Tate (hereinafter "Plaintiffs") incorporate paragraphs 1 through 79 as if stated fully herein.

93.

Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC is hereinafter referred to as "Scales."

94.

Plaintiffs complained to Scales about not being paid $7.25 per hour and being paid overtime. Scales would retaliate by cutting Plaintiffs' hours or taking them off the schedule. Scales would also retaliate by firing Plaintiffs and yelling at them.

95.

Scales violated the Fair Labor Standards Act (FLSA) by retaliating against Plaintiffs.

96.

Scales is liable to Plaintiffs for liquidated damages for these violations.

## COUNT IV
## (BREACH OF CONTRACT)

97.

Plaintiffs Simms and Davis (hereinafter "Plaintiffs") incorporate paragraphs 1 through 33 as if stated fully herein.

98.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC is hereinafter referred to as "Scales."

99.

During Plaintiffs' employment, Scales did not pay Plaintiffs their full salary. Scales would take money out of Plaintiffs' checks to pay other employees. Scales would refuse to give Plaintiffs the bonuses required by the contract.

100.

Scales breached the contract by not paying Plaintiffs their salary and bonuses. Scales owes Plaintiff back pay in an amount greater than $75,000.00.

## COUNT V
## (O.C.G.A. § 34-7-2)

101.

Plaintiffs Wright, Scott, McMillan, Middleton, Perry, Rodrigo, Davis, Daniels, Denson, Simms, Davis, and Tate (hereinafter "Plaintiffs") incorporate paragraphs 1 through 79 as if stated fully herein.

102.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC is hereinafter referred to as "Scales."

103.

Plaintiffs have quit working for Scales because they were not being paid their lawful wages under FLSA and the contract. Plaintiffs have asked Scales to pay them their last pay checks. Scales refuse to pay Plaintiffs their last paychecks. Scales have threatened to call the police on Plaintiffs when Plaintiffs ask for their paychecks.

104.

Scales willful actions are in violation of O.C.G.A. § 34-7-2. Scales is liable to Plaintiffs for past due wages.

## COUNT VI
## (O.C.G.A. § 51-1-6)

### 105.

Plaintiffs Wright, Scott, McMillan, Middleton, Perry, Rodrigo, Davis, Daniels, Denson, Simms, Davis, and Tate (hereinafter "Plaintiffs") incorporate paragraphs 1 through 79 as if stated fully herein.

### 106.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC is hereinafter referred to as "Scales."

### 107.

During Plaintiffs' employment, Scales used the time and billing software called Aloha. Aloha was set up in such a manner that it required Plaintiffs to claim tips Plaintiffs didn't make during their shifts. Plaintiffs would complain to Scales that Aloha was requiring them to claim tips they didn't make. Scales would respond by saying there was nothing that could be done.

### 108.

Aloha was also set up in such a manner that it would prematurely log Plaintiffs out during their shifts. This would cause Plaintiffs to lose hours on

their paychecks. Plaintiffs would complain to Scales that they were losing hours. Scales would respond by saying there was nothing that could be done.

109.

However, Scales would change the information in Aloha if Plaintiffs worked over 40 hours. Scales was using Aloha to cheat Plaintiffs out of their wages.

110.

Scales concealed their true restaurant sales from Plaintiffs to prevent Plaintiffs from getting their bonuses.

111.

Scales would also take money out of Plaintiffs' paycheck claiming the money was used to pay the busboys. However, the busboys told Plaintiffs they didn't receive any money in their checks from Plaintiffs' wages.

112.

Scales would also require Plaintiffs to pay $4.00 out of their paycheck for broken glasses even if no glasses were broken.

113.

Scales would take money out of Plaintiffs' check to give to the bartenders. Scales would take 3% out of alcohol sales out of Plaintiffs'

checks and give it to the bartenders. This 3% was taken from alcohol sales not tips.

114.

Scales actions are in violation of O.C.G.A.§16-9-50. Scales owed Plaintiffs a duty not to use deceptive business practices. Scales is liable to Plaintiffs for damages.

**COUNT VII**
**(FRAUD AND DECEIT)**

115.

Plaintiffs Wright, Scott, McMillan, Middleton, Perry, Rodrigo, Davis, Daniels, Denson, Simms, Davis, and Tate (hereinafter "Plaintiffs") incorporate paragraphs 1 through 114 as if stated fully herein.

116.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC is hereinafter referred to as "Scales."

117.

On or about September of 2015, Plaintiffs worked for Scales during the grand opening. Scales told Plaintiffs they would be paid for working during the grand opening. Scales told Plaintiffs the public had paid to attend the grand opening. Scales also told Plaintiffs the gratuity was included

within the price the public paid to attend the grand opening. After the grand opening, Plaintiffs were not paid the money Scales owed them.

118.

Scales would never give Plaintiffs an answer to why they couldn't be paid. Plaintiffs only worked the grand opening because Scales told them the gratuity had already been paid by the public.

119.

On or about January 1st, 2016, Plaintiffs worked for Scales during the New Year's Eve Celebration (Celebration). Scales told Plaintiffs they would be paid for working during the Celebration. Scales told Plaintiffs the public had paid to attend the Celebration. Scales also told Plaintiffs the gratuity was included within the price the public paid to attend the Celebration. After the grand opening, Plaintiffs were not paid the money Scales owed them.

120.

Scales would never give Plaintiffs an answer to why they couldn't be paid. Plaintiffs only worked during the Celebration because Scales told them the gratuity had already been paid by the public.

121.

Scales had no intentions of paying Plaintiffs for the grand opening or the Celebration. Scales knew the information concerning the gratuity was false because no gratuity was included in the price the public paid for admission. Scales' action is a violation of O.C.G.A. § 51-6-2. Scales is liable to Plaintiffs for damages.

## COUNT VIII
## (ATTORNEY FEES O.C.G.A. § 13-6-11 and FLSA)

122.

Plaintiffs Wright, Scott, McMillan, Middleton, Perry, Rodrigo, Davis, Daniels, Denson, Simms, Davis, and Tate (hereinafter "Plaintiffs") incorporate paragraphs 1 through 121 as if stated fully herein.

123.

Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC is hereinafter called "Scales."

124.

Plaintiffs have asked Scales on numerous times to be paid for their wages. Scales has refused to pay Plaintiffs. Scales is liable for Plaintiffs' attorney fees pursuant to O.C.G.A. §13-6-11.

## COUNT IX
## (PUNITIVE DAMAGES)

### 125.

Plaintiffs Wright, Scott, McMillan, Middleton, Perry, Rodrigo, Davis, Daniels, Denson, Simms, Davis, and Tate (hereinafter "Plaintiffs") incorporate paragraphs 1 through 124 as if stated fully herein.

### 126.

Defendants Harris, Hughes, Venue, Scales 925 Atlanta, and Scales LLC is hereinafter referred to as "Scales."

### 127.

Scales have acted with actual malice towards Plaintiffs. Scales should be punished for its willful actions. Scales is liable to Plaintiffs for punitive damages.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment in favor for:

1.  Payment of all wages Plaintiffs should have received under the FLSA, but for Scales willful violation;

2.  Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

3.  Nominal damages;

4. Compensatory damages;

5. All reasonable costs and attorneys' fees pursuant to O.C.G.A. §13-6-11 and FLSA; and

6. Punitive damages.

Respectfully submitted this Tuesday, July 05, 2016

s/ Michael O. Mondy<br>
Michael O. Mondy, Esq.<br>
Georgia Bar No. 897950<br>
Attorney for Plaintiffs

**MICHAEL O. MONDY, P.C.**
235 Peachtree Street NE Suite 400
Atlanta, Georgia 30303
Office: 404.492.9568
mondy@mondypc.com